UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY W.,<br><br>              Petitioner,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>              Respondent. | Case No. 1:21-cv-00003-CWD<br><br>**ORDER** |

Before the Court is Petitioner's motion for attorney fees filed pursuant to 42 U.S.C. § 406(b). (Dkt. 26.) Petitioner's counsel moves for attorney fees in the amount of $60,083.13 pursuant to 42 U.S.C. § 406(b) and the Petitioner's contingent fee contract. (Dkt. 26.) On remand, Petitioner was awarded $240,332.50 in past due benefits. Twenty-five percent of the award ($60,083.13) is being withheld by the Social Security Administration for payment of attorney fees. (Dkt. 26-8.) If awarded the requested attorney fees under Section 406(b), Petitioner's counsel will reimburse Petitioner the

**ORDER — 1**

$16,331.50 in EAJA fees previously awarded.[1] Petitioner's counsel thus seeks net attorney fees in the amount of $43,751.63.

Respondent filed a response indicating that, after review and consideration, the Government has found no basis to object, and will defer to the Court's assessment of this matter. (Dkt. 27.)

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a successful petitioner represented by an attorney in a case under Title II of the Social Security Act "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions, the fee is paid by the Petitioner out of the past-due benefits awarded, and Respondent is not responsible for payment to the attorney. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys representing claimants in matters before the Social Security Administration routinely enter into contingent-fee agreements specifying that the attorney's fee will be 25% of any past-due benefits recovered, thereby providing the attorney the statutory maximum of fees if the representation is successful. *See Gisbrecht*

---

[1] Petitioner's first petition for review was filed on November 19, 2013. Case No. 1:13-cv-495-CWD. The undersigned issued a memorandum decision and order on January 6, 2015, granting the petition for review and remanding the matter to the Commissioner for further proceedings. Petitioner's counsel, Ms. Taylor Mossman-Fletcher, requested and was awarded EAJA fees in the amount of $6,479.00. Petitioner filed a second petition for review on November 08, 2018, and was again represented by Ms. Mossman-Fletcher. Case No. 1:18-cv-499-CWD. The matter resulted in a stipulated remand after Petitioner filed an opening brief. Petitioner's counsel requested and was awarded EAJA fees in the amount of $5,215.00. Petitioner filed this matter, his third petition for review, on January 4, 2021. After filing an opening brief, the parties stipulated to reversal and remand of the Commissioner's decision, for an immediate award of benefits. (Dkt. 20.) Petitioner's counsel requested and received EAJA fees in the amount of $4,637.50. (Dkt. 25.)

**ORDER — 2**

*v. Barnhart*, 535 U.S. 793, 803 (2002). The United States Supreme Court in *Gisbrecht* provided the following guidance for determining whether the requested 25% fee is reasonable. First, the Court must "respect the primacy of lawful attorney-client fee agreements, looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). A fee resulting from a contingent-fee agreement is unreasonable, and therefore subject to reduction by the Court, if the attorney provided substandard representation; engaged in dilatory conduct so as to increase the accrued amount of past-due benefits; or the benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

As an aid to the Court's assessment, but "not as a basis for satellite ligation," the Court may require counsel to provide a record of the hours worked and counsel's regular hourly billing rate for noncontingent cases. *Id*. It is the attorney's burden to establish that the fee sought is reasonable. *Id*. The Court has considerable discretion when evaluating a request for a contingent fee under Section 406(b). *Id*. at 1149. "The question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id*.

Upon its own independent review, and in light of the Government's non-objection, the Court finds counsel has demonstrated that the fees requested are reasonable. Petitioner agreed to pay attorney fees not to exceed 25% of the past-due benefits awarded. Petitioner was awarded $240,332.50 in past due benefits, and the requested fee award is not more than 25% of the same.

Next, the Court considers the *Gisbrecht* factors to determine whether a downward adjustment is appropriate in this case. Petitioner's counsel achieved good results for

**ORDER — 3**

Petitioner, her representation was professional, and there was no delay attributable to Petitioner's counsel. The Court examined Petitioner's time records reflecting that, over the span of ten years, she spent a total of 98.7 hours pursuing three appeals before the Court. (Dkt. 26.) The Court finds the hours expended were reasonable in light of the record before the Court. Nor would the fee request result in a "windfall" to the attorney, considering the time expended and the risk undertaken. Counsel's effective hourly rate is $608.74, well below the effective hourly rate considered and approved by this Court and others. *See, e.g., McCreary v. Kijakazi*, No. 1:19-CV-00219-CWD, 2021 WL 3197027, at *2 (D. Idaho July 28, 2021) (approving contingent fee award based upon an effective hourly rate of $1,821.39, and citing cases). The Court therefore finds no downward adjustment of Petitioner's contingent fee award is warranted.

**ORDER — 4**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioner's Motion for Attorney Fees (Dkt. 26) is **GRANTED**.

2) Petitioner is awarded attorney fees in the amount of $60,083.13 pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the Commissioner from Petitioner's benefits. Payment must be made by Respondent to Petitioner's attorney, Taylor Mossman-Fletcher, Mossman Law Office, LLP, in the amount of $60,083.13 minus any user fee charged by the agency for direct fee payment.

3) Upon receipt of the above payment, Petitioner's counsel must refund the previously awarded EAJA fees in the amount of $16,331.50 directly to Petitioner.

DATED: December 22, 2021

Candy W. Dale
Chief U.S. Magistrate Judge